IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM E. WALTER,   *
                    *
v.                  *
                    *   Civil No.  JKS 08-639
                    *
MICHAEL J. ASTRUE   *
Commissioner of Social Security.  *
                    *

## MEMORANDUM OPINION

Plaintiff William E. Walter brought this action pursuant to 42 U.S.C. § 405(g), for review of a final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401-433, 1381-1383c.  The parties consented to referral to a United States Magistrate Judge for all proceedings and final disposition.  Walter's and Astrue's motions for summary judgment are ready for resolution and no hearing is deemed necessary.  *See* Local Rule 105.6.  For the reasons set forth below, Walter's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted.

**1. Background.**

Walter filed applications for DIB and SSI on September 30, 2002, alleging an onset of disability on December 31, 1994.  (R. 76-78, 384-86, 402).  Following denial of his claims initially and on reconsideration, an Administrative Law Judge (ALJ) held a hearing on September 1, 2004, at which Walter was represented by counsel.  (R. 398-419).  On September 13, 2004, the ALJ found that Walter was not disabled within the meaning of the Act.  (R. 11-24).  The Appeals Council reviewed and adopted the ALJ's findings and conclusions that Walter was not disabled.  (R. 7-9).  Walter filed a complaint with this court, and on March 5, 2007, this court

remanded Walter's claims. (R. 437, 467-68). On October 16, 2007, the ALJ held a second hearing, (R. 529-53), and on December 27, 2007, again found that Walter was not disabled within the meaning of the Act. (R. 420-36). After a sixty-day waiting period, the ALJ's opinion became the Commissioner's final decision. (R. 421).

## 2. ALJ's Decision.

The ALJ evaluated Walter's DIB and SSI claims using the five-step sequential process set forth in 20 C.F.R. §§ 404.1520 and 416.920. First, the ALJ determined that Walter has not engaged in substantial gainful activity since the amended alleged onset date of December 31, 1994. (R. 425). At step two, the ALJ concluded that Walter suffers from the following severe impairments: disorders of the neck status post cervical diskectomy and fusion; disorders of the left knee; status post arthroscopy of the left knee; right carpal tunnel syndrome since September 1996; status post decompression of the median nerve of the right hand in August 2007; disorders of the back; and, since July 1998, left carpal tunnel syndrome. However, at step three the ALJ determined that Walter's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 430). In evaluating Walter's residual functional capacity (RFC) at step four, the ALJ found that Walter was unable to return to his past relevant work as a drywall construction worker. (R. 434). At step five, the ALJ found that considering Walter's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (R. 435). As a result, the ALJ determined that Walter was not disabled within the meaning of the Act. (R. 436).

## 3. Standard of Review.

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42

U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

**4. Discussion.**

Walter raises three issues in his appeal. First, he claims that the ALJ failed to properly develop the administrative record. Second, Walter claims that the ALJ failed to properly consider evidence from his treating physician. Third, he claims that the ALJ erroneously assessed his RFC.

   A.   The ALJ Properly Developed the Administrative Record.

Walter's first claim is that the ALJ failed to properly develop the administrative record. A claimant for social security disability benefits bears the primary responsibility for presenting evidence which establishes his disability. *See Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987); 20 C.F.R. § 404.1512(a), (c). However, the ALJ also has a duty to ensure that the record is fully and fairly developed prior to making a determination regarding the individual's disability. *See, e.g., Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). This duty is somewhat relaxed when, as here, the claimant is represented by counsel. In such a case, the ALJ ordinarily is "entitled to rely on the claimant's counsel to structure and present [the] claimant's case in a way that the claimant's claims are adequately explored." *Hawkins v. Chater*, 113 F.3d 1162, 1167-68 (10th Cir. 1997). Moreover, where the ALJ has questioned the claimant about the relevant issues

and reviewed the medical records in detail, he has satisfied his duty to assist the claimant in developing the record. *Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1986). When there is scant medical evidence available to the ALJ and that evidence conflicts, the ALJ must further develop the record. *Fleming v. Barnhart*, 284 F.Supp.2d 256, 275 (D. Md. 2003).

Here, Walter was represented by counsel, who elicited his testimony regarding his present condition. (R. 533-34). The ALJ also admitted Plaintiff's new evidence at the beginning of the second hearing. (R. 531). The ALJ was able to make a determination based on the fully-developed record regarding Walter's eligibility for benefits.

Walter argues that the ALJ should have recontacted Drs. Azer and Powell-Stewart. Specifically, Walter opines that because the ALJ rejected Dr. Azer's medical assessment, he was under an obligation to re-contact Dr. Azer for more detailed information. However, as noted *infra*, the ALJ accepted much of Dr. Azer's opinion. Walter's concern is not that the ALJ did not have access Dr. Azer's medical opinions, but rather that the ALJ drew the wrong ultimate conclusion from them.[1] The record contains Dr. Azer's consultation reports through October 8, 2007, and an MRI report from October 4, 2007, (R. 512-13), and was complete. Similarly, the record contains Dr. Powell-Stewart's full assessment of Walter, dated July 31, 2007, including a four page narrative description of Walter's condition and seven pages of specific movements that Walter could and could not perform. (R. 496-510). Given that Dr. Powell-Stewart's complete assessment is in the record and Walter's counsel did not object to any lack of evidence, the record was properly developed.

B. The ALJ Properly Considered Evidence From Walter's Treating Physician.

Walter claims that the ALJ failed to properly consider the opinion of Dr. Azer, his treating physician. The ALJ must give good reasons for the weight given to a treating physician's opinion, assessing various factors in determining the appropriate weight.[2] A treating

---

[1] This argument will be addressed in section 4.B. of this opinion.
[2] These factors are: (1) Length of the treatment relationship and the frequency of examination; (2) Nature and extent of the treatment relationship; (3) Supportability of the opinion by medical evidence; (4) Consistency with the entire record; (5) Specialization of the physician; and (6) Other factors. 20 C.F.R. § 404.1527(d)(2)-(6).

physician's opinion must be given controlling weight if it is well supported by medical evidence. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). If that opinion is inconsistent with other substantial evidence in the record, it is to be accorded significantly less weight. *Id.* And, when a treating physician's opinion does not deserve controlling weight, it should not be rejected outright and still must be analyzed according to the factors. Soc. Sec. Ruling 96-2p at *4. However, the opinion as to whether an individual is unable to work is reserved exclusively for the ALJ. 20 C.F.R. § 404.1527(e)(1).

Contrary to Walter's assertion, the ALJ gave controlling weight to most of Dr. Azer's medical opinions. The ALJ gave controlling weight to Dr. Azer's opinions concerning Walter's need to avoid kneeling, overhead use of his hands, and pushing, pulling or lifting objects more than thirty pounds. (R. 433). The ALJ also accepted Dr. Azer's opinion that Walter should avoid repetitive movement of his hands. (R. 434). The only opinion of Dr. Azer's not given controlling weight is that Walter should altogether avoid bending or stooping. The ALJ stated that he gave little weight to Dr. Azer's opinion that Walter should altogether avoid bending and stooping because of (a) Walter's own testimony at the initial hearing that he could bend but not like a normal person, and (b) evidence of record. (R. 433). Dr. Azer also said that Walter should avoid strenuous activities, which the ALJ interpreted to mean constant bending/stooping. (R. 434). The ALJ stated that while constant bending/stooping could be strenuous activity, occasional bending/stooping required of reduced light work was not precluded by Dr. Azer's opinion. (R. 434).

The ALJ cited multiple sources as justifications for determining that Walter could engage in occasional bending and stooping, and perform work at a light sedentary level. Those sources include Dr. Powell-Stewart's observation that Walter had functional cervical and lumbar range

of motion, Walter's ability to rise from a seated position without problem during his hearing, his questionnaire responses that reported no problems with personal care tasks such as grooming and bathing, and Dr. Mondino's opinion that Walter must avoid constant bending and stooping but could perform well in a mostly sedentary position. (R. 433-34).

Substantial evidence exists to support the ALJ's decision to give little weight to Dr. Azer's opinion regarding Walter's need to altogether avoid bending and stooping. The ALJ's observation from the hearing that Walter could rise from a seated position is entitled to great weight. *Shivley v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). Similarly, the opinions of Drs. Powell-Stewart and Mondino, while not afforded controlling weight, support the ALJ's decision that Walter could occasionally stoop and bend.

Walter's claim that the ALJ ignored the factors that he was required to consider in assessing Dr. Azer's testimony is without merit. The ALJ addressed the first two factors in his decision by considering at least twenty-three consultations of all types by Dr. Azer during his eighteen years treating Walter. (R. 426-29). The ALJ addressed the third factor by noting that many of Dr. Azer's opinions were supported by relevant evidence and thus given controlling weight. The ALJ decided that the fourth factor – consistency – undermined Dr. Azer's opinion regarding bending and stooping because that opinion was not consistent with other evidence in the record. The ALJ acknowledged Dr. Azer's specialization as an orthopedic surgeon, (R. 426), and did not find any other pertinent factors. The ALJ properly considered the regulatory factors in assessing the weight given to Dr. Azer's opinions.

C. The ALJ Properly Assessed Walter's RFC.

Walter asserts that the ALJ made several errors assessing his RFC. First, Walter claims that the ALJ failed to perform a proper "function by function" assessment of his capabilities,

specifically by failing to set forth a narrative discussion describing how the evidence supported each conclusion and not discussing his inability to perform sustained work over a regular and continuing basis.  Next, Walter claims that the ALJ ignored the opinions of Drs. Azer and Ignacio and his testimony regarding his headaches.  Third, Walter claims that the ALJ's exertional and non-exertional RFC findings do not have a medical basis.

　　　　The ALJ's "function by function" assessment was adequate.  The ALJ was required to include a narrative discussion describing how medical facts and non-medical evidence support his conclusion.  *Fleming v. Barnhart*, 284 F. Supp.2d 256, 271 (D. Md. 2003).  Here, the ALJ examined medical facts concerning Walter's injuries, and he evaluated medical facts and opinions from treating physician Dr. Azer and examining physicians Drs. Powell-Stewart, Ignacio and Mondino. (R. 431-34).  The ALJ described those facts and opinions in a thorough narrative discussion.  *Id.*  The ALJ also discussed in narrative form Walter's hearing testimony as to his physical limitations and his assessment of Walter's credibility as to those limitations. (R. 433).  In addition, the ALJ's conclusion that Walter could perform "a reduced range of light level work" is sufficient to demonstrate that Walter can perform work on a regular and continuing basis.  *See Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006)(stating that an ALJ's determination of a claimant's RFC implicitly includes a finding that the claimant is able to work an eight hour day).

　　　　The ALJ must refer to the evidence in explaining his conclusions.  *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985).  Here, the ALJ referenced Dr. Azer's opinion throughout his decision and granted it controlling weight on multiple occasions. (R. 433-34).  Similarly, the ALJ analyzed Dr. Ignacio's opinion that Walter was permanently disabled before affording it no weight because of its reliance on abnormal medical data and its conclusory nature. (R. 434).

The ALJ also considered Walter's testimony regarding his headaches and found that it was not supported by the medical record because there is little evidence that Walter had previously complained or shown symptoms of headaches or migraines and no collaboration of his migraines from other sources.  (R. 433).

Walter's claim that the ALJ's exertional and non-exertional RFC findings do not have a medical basis is unsubstantiated by the record.  The ALJ reviewed medical records and opinions from several doctors and considered Walter's testimony in determining that Walter had the RFC to perform a reduced range of light work.  (R. 433).

**5.  Conclusion**

For the foregoing reasons, Walter's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted.  A separate Order will be entered.


Date:  August 19, 2009                                      /S/
                                                    JILLYN K. SCHULZE
                                                    United States Magistrate Judge